Law Offices of
# JAMES E. BAHAMONDE, P.C.

2501 Jody Court
North Bellmore, NY 11710
Long Island Tel. (516) 783-9662
New York City Tel. (646) 290-8258
Fax No. (646) 435-4376
James@CivilRightsNY.com

August 9, 2017

**BY ECF**

Hon. Gregory H. Woods
United States District Judge
Daniel Patrick Moynihan
   United States Courthouse
500 Pearl Street, Room 2260
New York, New York 10007

*Zayas v. Yamco II, LLC & Blossom Restaurant & Cafe Inc.*
**Case Number: 1:17-cv-2647-GHW-SN**

Dear Judge Woods:

This office represents the plaintiff in the above referenced action. Pursuant to the Notice of Initial Pretrial Conference, we submit this joint letter.

**1.      A brief statement of the nature of the case, the principal claims and defenses, and the major legal and factual issues that are most important to resolving the case, whether by trial, settlement or dispositive motion**

Plaintiff, who is paralyzed, uses a wheelchair. Defendant Blossom Restaurant & Cafe Inc. operates a small, vegan restaurant in a 107-year-old Landmark building located in the Chelsea Historic District, renting its premises from co-defendant Yamco II LLC.

This is a case under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182 (ADA) and its New York State and City counterparts involving wheelchair access to defendants' premises, primarily involving an entranceway.

The parties agree that this case can be resolved with relatively minor modifications for wheelchair access, many of which are already in place (portable ramp, double-wide alternate entranceway, buzzer for assistance for access etc.). Because small businesses are involved, and because the premises are a Landmark building in a Historic District in an old building, the amount of readily-achievable "barrier removal" alterations on  may be limited. The parties

**Law Offices of
James E. Bahamonde, P.C.**

August 9, 2017
Page  - 2 -

believe that the plaintiff's objectives can be satisfied without the necessity of full involvement with litigation. TtTherefore the parties are in accord that early settlement should be a priority in this case, and will attempt to settle this case within the following 2 weeks. If we are unsuccessful, parties have agreed to referral to a Magistrate Judge for settlement purposes.

**2.        A brief statement by plaintiff as to the basis of subject matter jurisdiction and venue, and a brief statement by each party as to the presence or absence of subject matter jurisdiction and venue. Statements shall include citations to relevant statutes. In addition, in cases for which subject matter jurisdiction is founded on diversity of citizenship, the parties shall comply with the Court's Individual Rule 2(B)(ii).**

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the claims in this case arises under the Americans with Disabilities Act, 42 U.S.C. § 12117.  The Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the Americans with Disabilities Act.  The Court has supplemental jurisdiction over Plaintiff's allegations arising from Defendants' state and local law violations pursuant to 28 U.S.C. § 1367(a).

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, alleged herein, occurred in New York County.

**3. A brief description of any (i) motions that any party seeks or intends to file, including the principal legal and other grounds in support of and opposition to the motion, (ii) pending motions, and (iii) other applications that are expected to be made at the status conference;**

Parties hereby respectfully request a referral to mediation before a Magistrate Judge. If the court first prefers our appearance at the initial conference, we intend to make application at the status conference for referral of the case to mediation before a Magistrate Judge, and for postponement of other proceedings pending same.

In the even mediation is unsuccessful, plaintiff may seek class certification, which defendants would oppose on multiple grounds.

**4. A brief description of any discovery that has already taken place, and any discovery that is likely to be admissible under the Federal Rules of Evidence and material to proof of claims and defenses raised in the pleadings. (This is narrower than the general scope of discovery stated in Rule 26(b)(1)); a**

No discovery has taken place. Pursuant to the Federal Rules of Evidence, Rules 602 and 701, Plaintiff intends to seek discovery to demonstrate defendants' disability discrimination and

**Law Offices of**
**James E. Bahamonde, P.C.**

unlawful architectural barriers in violation of federal, state, and local laws. In addition, pursuant to 803 and 806, Plaintiff intends to attack defendants' agent's credibility related to its compliance with federal, state, and local laws.

At this time, plaintiff has not yet decided whether expert evidence will be necessary.

Defendants believe that minimal discovery would be necessary to assay plaintiff's standing. Most discovery can be achieved via a Requests for Documents and inspection of the premises, which are open to the public, and can be conducted. Defendants would provide access on reasonable notice.

**5. A computation of each category of damages claimed,** *see* **Fed. R. Civ. P. 26(a)(1)(A)(iii);**

Plaintiff has alleged compensatory, statutory, and punitive damages. The compensatory damages are recoverable under New York State Executive law and New York City Administrative Code. Statutory damages are recoverable under and New York State Civil Rights Law 40-c and 40-d.

Pursuant to New York State Civil Rights Law 40-c and 40-d, Plaintiff seeks $500 for each and every civil rights violation.

Under New York State Executive Law and New York City Administrative Code, plaintiff seeks compensatory damages in the amount of $20,000. Lastly, in an amount to be determined at trial, plaintiff seeks punitive damages against defendants for their reckless disregard of plaintiff's civil and human rights under New York City Administrative Code.

Defendants dispute this.

**6. A statement describing the status of any settlement discussions and whether the parties would like a settlement conference;**

The parties have discussed settlement in the form of possible measures, to the extent achievable, to enhance plaintiff's access, in addition to an existing portable ramp, buzzer and double-wide auxiliary entranceway. Defendants have agreed to provide signage to assist plaintiff and others. Defendants have agreed to provide personal assistance to plaintiff so that he can fully use and enjoy the Blossom Restaurant. The parties have agreed to early mediation via Magistrate Judge.

**Law Offices of**
**James E. Bahamonde, P.C.**

August 9, 2017
Page   - 4 -

**7. Any other information the parties believe may assist the Court in resolving the action.**

It is in the parties' interest to achieve an early resolution and to avoid as much actual litigation as possible, as otherwise, mounting legal fees would make settlement more problematic.

Respectfully yours,

/s/ James E Bahamonde

James E. Bahamonde, Esq.

cc: (via ECF)

Ann Marie Barbagallo, Esq .
Attorney for Yamco II LLC
61 - 18 190th Street Ste . 238
Fresh Meadows , New York 11365

Andrew P. Saulitis P.C.
Attorney for Blossom Restuarant & Cafe Inc.
40 Wall Street
New York, New York 10005